IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES TILL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: 21-cv-1256 |
| v. | ) | |
| | ) | |
| NATIONAL GENERAL | ) | |
| ACCIDENT AND HEALTH | ) | Plaintiff demands Trial by Jury |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, **CHARLES TILL**, by and through his attorney, THE KREAMER LAW GROUP, LLC., and complains against Defendant, **NATIONAL GENERAL ACCIDENT AND HEALTH INSURANCE COMPANY**, as follows:

### Nature of Claim

This is an action seeking redress for Defendant National General Insurance Company's unlawful denial of benefits to the Plaintiff in violation of the Employment Retirement Income Security Act ("ERISA") 29 U.S.C. § 1132(a)(3); and Illinois statutory and common law theories of recovery.

### Jurisdiction and Venue

Federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) under ERISA, 29 U.S.C. §1001 et. seq. is established in this matter. The venue is proper in the Northern District of Illinois under 28 U.S.C. §1391(b), as the Plaintiff's cause of action, arose herein.

1

## Factual Allegations

1. At all relevant times, Plaintiff, CHARLES TILL, is a resident of DuPage County, Illinois, residing at 329 S. Lincoln Street, Westmont, DuPage County, IL 60559.

2. Defendant, NATIONAL GENERAL, is a corporation based in Milwaukee, Wisconsin, and doing business in DuPage County, Illinois, and throughout the State of Illinois.

3. A policy of insurance, policy number 671272722, was in effect and written by Defendant and provided coverage for Plaintiff's healthcare.

4. The above-referenced Policy had an effective date of March 16, 2018, and an expiration date of January 14, 2019.

5. Defendant sold the above referenced short-term health insurance policy on or about March 15, 2018.

6. This Policy was obtained as a group policy for the Plaintiff's business, Superior Roadside Assistance, Inc.

7. One day before that, on March 14, 2018, Plaintiff presented to the emergency room. At that time, the emergency room vital signs established no history, and no diagnosis was established or obtained.

8. Plaintiff went home on March 14, 2018, and was not admitted into the hospital.

9. Plaintiff presented again in the emergency room on March 17, 2018. At that time, it was first established that the Plaintiff was diagnosed with a pulmonary embolism.

10. Plaintiff remained in the hospital until he was released on March 21, 2018.

11. This diagnosis and all relevant treatment came after the Plan and Policy were in effect on March 16, 2018.

12. Despite this, the Defendant is denying benefits and refuses to pay for any of the Plaintiff's medical bills on the basis that the Plan does not cover pre-existing conditions.

13. Plaintiff has exhausted all appeals with Defendant. (*See correspondence attached hereto as Exhibit A.*)

14. As a result of Defendant's actions, Plaintiff suffered severe damages, including but not limited to the denial of benefits and the inability to pay outstanding medical bills and costs in being forced to bring this suit.

### Count I: Denial of Benefits in Violation of the Employment Retirement Income Security Act

15. Plaintiff repeats and re-alleges paragraphs 1-14 as though fully inserted herein as paragraph 15 in Count I of his Complaint.

16. Claims for denial of benefits under Section 502 (a)(1)(B) include the elements that 1) the Plaintiff properly claimed benefits; 2) the Plaintiff exhausted the Plan's administrative appeals process; 3) the Plaintiff is entitled to a particular benefit under the Plan's terms, and 4) the Plaintiff was denied that benefit.

17. At all relevant times, Plaintiff performed all of his obligations under the contract and fully paid all of the applicable premiums due and owing to the Defendant.

18. On or about March 17, 2018, Plaintiff properly made a claim for benefits.

19. At all relevant times, Plaintiff made all proper and required administrative appeals under the Plan, and Defendant acknowledges that the same have been exhausted. (*See correspondence of 3/2/20 attached hereto as Ex. A.*)

20. Defendant's reason for denial of benefits for Plaintiff is unlawful, and the reason of pre-existing conditions provided by Defendant has no basis.

21. Plaintiff was not diagnosed with pulmonary embolism until March 17, 2018, and the Policy was in effect on March 16, 2018.

22. Plaintiff was thus entitled to coverage for all treatment incurred on and after March 16, 2018, to the present.

23. Defendant has denied and continues to deny coverage for Plaintiff to date.

24. As a direct and proximate result of these acts or omissions by Defendants, Plaintiff suffered severe monetary damages for unpaid benefits owed under the terms of the Plan.

25. Plaintiff was forced to incur large amounts of attorney fees and litigation costs as a result of bringing this suit in an attempt to receive the coverage and benefits he is entitled to, and Plaintiff is entitled to the recovery of the same.

WHEREFORE, Plaintiff, Charles Till, prays that this Honorable Court enters judgment against Defendant in an amount over $75,000.00, along with costs associated with and incurred in this action, and for any other relief this Court deems just and proper.

**Plaintiff demands Trial by Jury**

Respectfully submitted,

**CHARLES TILL**

By: \_\_\_\_/s/ Joseph E. Urani_____
      One of Plaintiff's Attorneys

John C. Kreamer
Joseph E. Urani
Kreamer Law Group, LLC
1100 E. Warrenville Road, Ste. 135
Naperville, Illinois 60563
T. (630) 995-3668
F. (630)946-6373
Email: jckreamer@kreamerlawgroup.com