IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILINOIS
EASTERN DIVISION

CHARLES TILL,            )
                         )
        Plaintiff,       )    No.: 21-CV-1256
                         )
NATIONAL GENERAL ACCIDENT AND )
HEALTH INSURANCE COMPANY,    )
                         )
        Defendant,       )

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, NATIONAL HEALTH INSURANCE COMPANY (incorrectly sued as "National General Accident Health Insurance Company"), by and through its attorneys, DENNIS A. BERG of PIPAL & BERG, LLP and for its Answer and Affirmative Defense to Plaintiff's Complaint at Law, states as follows:

### Nature of Claim

This is an action seeking redress for Defendant National General Insurance Company's unlawful denial of benefits to the Plaintiff in violation of the Employment Retirement Income Security Act ("ERISA") 29 U.S.C § 1132(a)(3); and Illinois statutory and common law theories of recovery.

ANSWER:    Defendant denies that it unlawfully denied benefits to Plaintiff.

### Jurisdiction and Venue

Federal question jurisdiction under 28 U.S.C. §§1331 and 1441(a) under ERISA, 29 U.S.C. §1001 et. seq. is established in this matter. The venue is proper in the Northern District of Illinois under 28 U.S.C. §1391(b), as the Plaintiff's cause of action, arose herein.

ANSWER:    This paragraph contains conclusions of law to which no response is required. Defendant admits, however, that the Court has jurisdiction over the subject matter of this Complaint.

1

EXHIBIT A

## Factual Allegations

1. At all relevant times, Plaintiff, CHARLES TILL, is a resident of DuPage County, Illinois, residing at 329 S. Lincoln Street, Westmont, DuPage County, IL 60559.

   **ANSWER:** Defendant is without sufficient knowledge to form a belief as to the allegations contained within this paragraph, and therefore they are deemed denied.

2. Defendant, NATIONAL GENERAL, is a corporation based in Milwaukee, Wisconsin, and doing business in DuPage County, Illinois, and throughout the State of Illinois.

   **ANSWER:** Defendant denies the allegations contained within this paragraph. "National General Accident and Health Insurance Company" is not a legal entity. The correct corporate name is National Health Insurance Company.

3. A policy of insurance, policy number 671272722, was in effect and written by Defendant and provided coverage for Plaintiff's healthcare.

   **ANSWER:** Admitted in part, denied in part. Insurance policy 671272722 was underwritten by National Health Insurance Company. Defendant denies the remaining allegations and states that it was in effect for the effective dates set forth in the policy and provided coverage per the terms of the policy.

4. The above-referenced Policy had an effective date of March 16, 2018, and an expiration date of January 14, 2019.

   **ANSWER:** Denied. The policy terminated January 13, 2019.

5. Defendant sold the above referenced short-term health insurance policy on or about March 15, 2018.

   **ANSWER:** Denied as stated. It is unclear what "sold" means as used by the Plaintiff.

6. This Policy was obtained as a group policy for the Plaintiff's business, Superior Roadside Assistance, Inc.

   **ANSWER:** Defendant is without sufficient knowledge to form a belief as to the allegations contained within this paragraph, and therefore they are deemed denied.

2

7. One day before that, on March 14, 20158, Plaintiff presented to the emergency room. At that time, the emergency room vital signs established no history, and no diagnosis was established or obtained.

    **ANSWER:** Admitted in part; denied in part. Defendant admits that Plaintiff presented to the emergency room on March 14, 2018. Defendant denies that this paragraph sets forth a complete and accurate recital of the emergency room visit.

8. Plaintiff went home on March 14, 2018, and was not admitted into the hospital.

    **ANSWER:** Admitted in part. He went home against the recommendation of his physician who may have admitted him had he stayed in the hospital.

9. Plaintiff presented again in the emergency room on March 17, 2018. At that time, it was first established that the Plaintiff was diagnosed with a pulmonary embolism.

    **ANSWER:** Admitted in part; denied in part. Defendant admits that Plaintiff presented to the emergency room on March 14, 2018. Defendant denies that this paragraph sets forth a complete and accurate recital of the emergency room visit.

10. Plaintiff remained in the hospital until he was released on March 21, 2018.

    **ANSWER:** Admitted.

11. This diagnosis and all relevant treatment came after the Plan and Policy were in effect on March 16, 2018.

    **ANSWER:** Denied. Plaintiff received "relevant treatment" on March 14, 2018 before he applied for the policy of insurance and before it went into effect.

12. Despite this, the Defendant is denying benefits and refuses to pay for any of the Plaintiff's medical bills on the basis that the Plan does not cover pre-existing conditions.

    **ANSWER:** Admitted in part; denied in part. Defendant denies the prior allegations and thus denies that it is doing anything "despite" those allegations. Defendant admits that benefits were denied to Plaintiff for the reasons set forth in its denial letter.

13. Plaintiff has exhausted all appeals with Defendant. (See correspondence attached hereto as Exhibit A).

**ANSWER**: Admitted.

14. As a result of Defendant's actions, Plaintiff suffered severe damages, including but not limited to the denial of benefits and the inability to pay outstanding medical bills and costs in being forced to bring this suit.

**ANSWER**: Denied.

### Count I: Denial of Benefits in Violation of the Employment Retirement Income Security Act

15. Plaintiff repeats and re-alleges paragraphs 1-14 as though fully interested herein as paragraph 15 in Count I of his Complaint.

**ANSWER**: Defendant repeats and re-alleges its answers to paragraphs 1-14 as its answers to paragraph 15 as though fully set forth herein.

16. Claims for denial of benefits under Section 502(a)(1)(B) include the elements that 1) the Plaintiff properly claimed benefits; 2) the Plaintiff exhausted the Plan's administrative appeals process; 3) the Plaintiff is entitled to a particular benefit under the Plan's terms, and 4) the Plaintiff was denied that benefit.

**ANSWER**: This paragraph contains conclusions of law to which no response is required.

17. At all relevant times, Plaintiff performed all of his obligations under the contract and fully paid all of the applicable premiums due and owing to the Defendant.

**ANSWER**: Denied. Plaintiff had an obligation to refrain from misrepresentations during the application process.

18. On or about March 17, 2018, Plaintiff properly made a claim for benefits.

**ANSWER**: Admitted in part; denied in part. Defendant admits that Plaintiff made a claim for benefits but denies the remaining allegations.

4

19. At all relevant times, Plaintiff made all proper and required administrative appeals under the Plan, and Defendant acknowledges that the same have been exhausted. (See correspondence of 3/2/20 attached hereto as Exh. A).

**ANSWER**: Admitted.

20. Defendant's reason for denial of benefits for Plaintiff is unlawful, and the reason of pre-existing conditions provided by Defendant has no basis.

**ANSWER:** Denied.

21. Plaintiff was not diagnosed with pulmonary embolism until March 17, 2018, and the policy was in effect on March 16, 2018.

**ANSWER**:

22. Plaintiff was thus entitled to coverage for all treatment incurred on and after March 16, 2018, to the present.

**ANSWER**: Denied.

23. Defendant has denied and continues to deny coverage for Plaintiff to date.

**ANSWER**: Admitted.

24. As a direct and proximate result of these acts or omissions by Defendants, Plaintiff suffered severe monetary damages for unpaid benefits owed under the terms of the Plan.

**ANSWER:** Denied.

25. Plaintiff was forced to incur large amounts of attorney fees and litigation costs as a result of bringing this suit in an attempt to receive the coverage and benefits he is entitled to, and Plaintiff is entitled to the recovery of the same.

**ANSWER:** Denied.

WHEREFORE, the Defendant, NATIONAL GENERAL ACCIDENT AND HEALTH INSURANCE COMPANY, denies that Plaintiff is entitled to any relief and prays for its costs in having to defend this action which has been wrongfully brought.

### AFFIRMATIVE DEFENSE

NOW COMES the Defendant, NATIONAL HEALTH INSURANCE COMPANY (sued as "National General Accident and Health Insurance Company"), by and through its undersigned counsel and for its Affirmative Defense to Plaintiff's Complaint at Law states as follows:

### FRAUD

1. Charles Till presented to the emergency room at Advocate Good Samaritan Hospital on March 14, 2018.

2. On March 14, 2018, Charles Till underwent an ECG test and the result was abnormal.

3. On March 14, 2018, Charles Till experienced, among other things, the following conditions at Advocate Good Samaritan Hospital which were documented in his medical chart: shortness of breath, hypoxemia, dizziness, chest pain, tachycardia, elevated respiratory rate, diabetes, mellitus, thrombocytopenia and leukocytosis.

4. On March 14, 2018, medical advice was given to Charles Till by a physician who recommended that he remain in the hospital for further evaluation and treatment of the aforesaid conditions.

5. Charles Till disregarded the recommendation of the ER Physician on March 14, 2018 for him to remain in the hospital and left hospital that day.

6. After leaving the hospital despite the recommendation of the ER physician, Charles Till initiated an effort to secure the health insurance policy 671272722 ("Plan").

7. The plan contained the following Pre-Existing Condition Exclusion:

*Pre-Existing Condition Exclusion*-Charges resulting directly or indirectly from a Pre-Existing Condition are excluded from coverage hereunder.

8. The Plan defined Pre-Existing Condition as follows:

*Pre-Existing Condition* means a condition for which medical advice, diagnosis care, or treatment (includes receiving services and supplies, consultations, diagnostic tests or prescription medicines) was recommended or received within the 12 months immediately preceding the Effective Date.

9. Charles Till subsequently made a claim for benefits under the Plan and claims in this lawsuit that he never had a condition for which medical advice was recommended or received within the 12 months immediately proceeding the Effective Date of the policy.

10. The claim is false and is made with knowledge that it is false or made with a reckless disregard for its falsity with intent that it be acted upon with reliance on the part of the defendant and resultant damages to defendant.

WHEREFORE, defendant NATIONAL HEALTH INSURANCE COMPANY prays for judgment in its favor on its Affirmative Defense.

Respectfully submitted,

/s/ Dennis A. Berg
Dennis A. Berg, Esq.
Pipal & Berg, LLP
100 S. Wacker Drive
Suite 900
Chicago, IL 60606
Tel: (312) 364-0080
Fax: (312) 364-0080
Email: dberg@pipalberg.com

*Attorneys for National Health Insurance Company*

Dated: May 5, 2021