IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES TILL, )
)
    Plaintiff, ) No.: 21-CV-1256
)
NATIONAL GENERAL ACCIDENT AND ) Honorable Thomas M. Durkin
HEALTH INSURANCE COMPANY, )
)
    Defendant, )

**DEFENDANT'S OPPOSED RULE 12(b)(1) MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION AND RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES the Defendant, NATIONAL HEALTH INSURANCE COMPANY (incorrectly sued as "National General Accident and Health Insurance Company"), by and through their attorneys, PIPAL & BERG, LLP, and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, moves this court to dismiss this case for lack of subject matter jurisdiction. Alternatively, Defendant moves this Court to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action on which relief may be granted. In support of said motion, Defendant states as follows:

1. Plaintiff has filed a one-count Complaint alleging that Defendant wrongfully denied him insurance benefits under "a policy of insurance, policy number 6712722, (which) was in effect and written by defendant and provided coverage for Plaintiff's healthcare."

2. Plaintiff alleges that the jurisdiction of this court is predicated on the existence of a federal question because the suit involves an "unlawful denial of benefits to the Plaintiff in violation of the Employment Retirement Income Security Act ("ERISA") 29 U.S.C. §1132 (a)(3)" and premises subject matter jurisdiction under 28 U.SC. §§1331 and 1441(a) and ERISA, 29 U.S.C.§1001 at seq.

3. Contemporaneously with the filing of this motion, Defendant has filed its Memorandum of Law in Support of this Motion which is incorporated herein.

4. Based on the allegations contained in Plaintiff's Complaint and the arguments set forth in Defendants' Memorandum of Law, Defendant respectively submits that the insurance policy at issue is not an employer sponsored plan governed by "ERISA" and, accordingly, this court does not have subject matter jurisdiction over Plaintiff's claims. Since there is no employer sponsored plan at issue, there is also a failure to state a cause of action under the ERISA statute.

WHEREFORE, Defendant NATIONAL HEALTH INSURANCE COMPANY (Incorrectly sued as "National General Accident and Health Insurance Company"), requests this court to enter an order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a cause of action on which relief may be granted.

Respectfully submitted,

/s/ Dennis A. Berg
Dennis A. Berg, Esq.
Pipal & Berg, LLP
100 S. Wacker Drive
Suite 900
Chicago, IL 60606
Tel: (312) 364-0080
Fax: (312) 364-0080
Email: dberg@pipalberg.com

*Attorneys for National Health Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, states that he has served a copy of the foregoing document on the attorneys of record by e-filing with the ILND CM/ECF and by placing same in an addressed envelope, postage paid, and depositing in the U.S. Mail at 100 South Wacker Drive, Chicago, Illinois, before 5:00 p.m., this 27th day of August, 2021 addressed to the following:

Joseph Urani, Esq.
Kreamer law Group
1100 E. Warrenville Rd.
Suite 135
Naperville, IL 60563

/s/ Dennis A. Berg
Dennis A. Berg, Esq.
Pipal & Berg, LLP
100 S. Wacker Drive
Suite 900
Chicago, IL 60606
Tel: (312) 364-0080
Fax: (312) 364-0080
Email: dberg@pipalberg.com

*Attorneys for National Health Insurance Company*

3