IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES TILL, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 21-CV-1256 |
| | ) | |
| NATIONAL GENERAL ACCIDENT AND | ) | Honorable Thomas M. Durkin |
| HEALTH INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES the Defendant, NATIONAL HEALTH INSURANCE COMPANY (Incorrectly sued as "National General Accident and Health Insurance Company"), by and through its attorneys, PIPAL & BERG, LLP, and respectively submits the following memorandum in support of its Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) Motion to Dismiss.

### INTRODUCTION

Plaintiff has filed a one-count Complaint alleging that defendant wrongfully denied him benefits in violation of ERISA, 29 U.S.C.§1132(a)(3). A copy of Plaintiff's Complaint is attached hereto as Exh. A. Therein, Plaintiff generally alleges the following facts:

1. Plaintiff presented to the emergency room on March 14, 2018 and went home that day without any diagnosis established or obtained (See Plaintiff's Complaint, Exh. A, ¶s 7 and 8;

2. The next day, on March 15, 2018, defendant sold him a short-term health insurance policy which "was obtained as a group policy for the Plaintiff's business, Superior Roadside Assistance, Inc." See Plaintiff's Complaint, Exh. A, ¶s 5 and 6;

3. Plaintiff returned to the hospital 2 days later on March 17, 2018. At that time, he

1

was diagnosed with a pulmonary embolism. See Plaintiff's Complaint, Exh. A, ¶9;

4. Defendant denied health insurance benefits, and plaintiff claims that the denial violates ERISA. See Plaintiff's Complaint, Exh. A, ¶s 12, 16;

### RULE 12(b)(1) MOTION TO DISMISS

Defendant moves to dismiss the Complaint because this court lacks subject matter jurisdiction. The only basis for this court to have jurisdiction is federal question jurisdiction which Plaintiff has styled as seeking relief under ERISA.

Courts have held that "an essential precursor to federal jurisdiction" based on ERISA is the existence of an actual ERISA-governed plan. *UIU Severance Pay Trust Fund v. Local Union No. 18, United Steelworkers of America,* 998 F.2d 509, 510 and n. 2 (7th Cir. 1993). For a case to satisfy §1331 by "arising under" Federal law, however, it is not enough for a plaintiff to merely call upon a constitutional provision, a federal statute, or a principle of federal common law in the complaint. *E. Cent. Ill. Pipe Trades Health and Welfare Fund v. Prather Plumbing & Heating, Inc.,* 2021 U.S. App. LEXIS 20083, p. 8, 2021 WL 2819035 (7th Cir. 2021). Without a federal cause of action, a federal court cannot exercise federal question jurisdiction and has no authority to adjudicate the dispute under §1331 *Id.* at p. 10.

In *McCoy v. EMS Auto Repair,* 2021 U.S. Dist. LEXIS 65425, this Court recognized the following:

> Congress enacted ERISA to prevent the misuse of funds and safeguard employee benefits. 29 U.S.C.§1001. To achieve this goal, the statute governs the administration of employee welfare and pension benefit plans—not the underlying benefits. *Fort Halifax Packing CO., Inc. v. Covne,* 482 U.S. 1, 7, 11, 107 S. Ct. 2211, 96 L. Ed. 2d 1 (1987); 29 U.S.C. §§1002 (1)-(3), 1102. Therefore, the statute only applies to plans where the employer exercises financial coordination and control, as well as some discretion, over the benefits. *Fort Halifax,* 482 U.S. at 11-12, 18 (this requirement is also known as an "ongoing administrative scheme"). *Bowles v. Quantum Chemical Co.,* 266 F. 3d 622, 632-33 (7th Cir. 2001).

*Id.* at pg. 6.

It has been recognized that Rule 12(b)(1) motions are premised on either facial or factual attacks on jurisdiction *Villasenor v. Industrial Wire & Cable, Inc.* 929 F. Supp. 310, 311 (N.D. Ill.1996). If the defendant makes a factual attack on the plaintiff's assertion of subject matter jurisdiction, it is proper for the court to look beyond the jurisdictional allegations in the compliant and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.,* 999 F. 2d 188, 191 (7th Cir. 1993)(per curiam); *Barnhart v. United States*, 684 F. 2d 295, 296 (7th Cir. 1989).

The insurance policy at the crux of the current dispute was not an "ERISA" plan. It was a short term health insurance policy issued to a single policy holder (Charles Till). See Affidavit of Morgan McCreary, Exh. B, ¶s 3-4. The health insurance policy at issue was not part of any employer sponsored plan. *Id.* at ¶5. Rather, Charles Till individually signed up for health insurance coverage, and there was only one Certificate of Coverage issued (to Plaintiff as a result of his application). The Certificate of Coverage was issued under the terms of a group short term policy issued to L.I.F.E. *Id.* at ¶4. But that does not invoke ERISA because the criteria established by the ERISA statutes for constituting a "group health plan" is not met.

The mere fact that a Certificate of Coverage was issued under the terms of a group short term policy does not convert the policy into an ERISA Plan. "Group Health Plan" is defined in the statute as follows:

(a) Group Health Plan

For purposes of this part—

(1) In General

The term "group health plan" means an employee welfare benefit plan to the

3

extent that the plan provides medical care (as defined in paragraph (2) and including items and services paid for as medical care) to employees or their dependents (as defined under the terms of the plan) directly or through insurance, reimbursement, or otherwise. Such term shall not include any qualified small employer health reimbursement arrangement (as defined in section 9831(d)(2) of title 26).

29 U.S. Code §1191 b (a)(1).

Based on the above facts, defendant respectively asks this Court to find that Plaintiff's claims do not arise under the ERISA statute, and therefore this Court lacks subject matter jurisdiction to hear the claim.

### RULE 12(b)(6) MOTION TO DISMISS

As noted in *Lancing v. Yearly Ret. Ben. Check Fund of Plumbers Union Local 75,* 2008 U.S. Dist. LEXIS 132887 (E.D. Wisc. 2008), the Seventh Circuit has commented on the interplay between Rule 12(b)(1) and Rule 12(b)(6) challenges under similar circumstances:

> A standard rule in considering jurisdictional challenges is that when the court's jurisdiction and the claim for relief are predicated on the same federal statute but the basis for relief is subsequently found to be inapplicable, the district court should not dismiss the case under Rule 12(b)(1), but rather proceed as if jurisdiction exists and determine the merits of the claim under Rule 12(b)(6).

*Id.* at p. 7 (quoting *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P. A.* 53 F. 3d 172, 174 (7th Cir. 1995) (citing *Health Cost Controls v. Skinner,* 44 F. 3d 535 (7th Cir. 1995) (discussing Rule 12(b)(1) challenges in an ERISA action). Likening the need for there to be an "employer" in a Labor Management Relations Act suit, the *Lansing* court stated:

> For example, in *International Union of Operating Engineers, Local 150, AFL-CIO v. Rabine,* the Seventh Circuit held that the absence of a statutory "employer" in a Labor Management Relations Act suit—which provides a federal cause of action for claims alleging violation of contracts between an employer and a labor organization, see 29 U.S.C.§185—was not necessarily a jurisdictional fact: "Rather, a compliant which fails to allege the presence of such an employer fails to state a claim, and a plaintiff who fails to prove the presence of such an

employer loses on the merits." 161 F. 3d 427, 430 (7th Cir. 1998) (citing *Steel Co.,* 523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210); see also *Skinner,* 44 F. 3d at 537 (7th Cir. 1995)("Thus, if a plaintiff fails to properly allege a claim for relief brought under a federal statute, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(6), rather than Rule 12(b)(1).").

*Id.* at pgs. 6-7.

In the present case, the Plaintiff's claim for relief in the current action is predicated on the same statute for which subject matter jurisdiction is sought. But there is no employer sponsored plan which exists which would provide the predicate for the claim. Accordingly, dismissal under Rule 12(b)(6) is proper.

Respectfully submitted,

*/s/ Dennis A. Berg*
Dennis A. Berg, Esq.
Pipal & Berg, LLP
100 S. Wacker Drive
Suite 900
Chicago, IL 60606
Tel: (312) 364-0080
Fax: (312) 364-0080
Email: dberg@pipalberg.com

*Attorneys for National Health Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, states that he has served a copy of the foregoing document on the attorneys of record by e-filing with the ILND CM/ECF and by placing same in an addressed envelope, postage paid, and depositing in the U.S. Mail at 100 South Wacker Drive, Chicago, Illinois, before 5:00 p.m., this 27th day of August, 2021 addressed to the following:

Joseph Urani, Esq.
Kreamer law Group
1100 E. Warrenville Rd.
Suite 135
Naperville, IL 60563

/s/ Dennis A. Berg
Dennis A. Berg, Esq.
Pipal & Berg, LLP
100 S. Wacker Drive
Suite 900
Chicago, IL 60606
Tel: (312) 364-0080
Fax: (312) 364-0080
Email: dberg@pipalberg.com

*Attorneys for National Health Insurance Company*