**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CHARLES TILL** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NATIONAL GENERAL** )<br>**ACCIDENT AND HEALTH** )<br>**INSURANCE COMPANY** )<br>)<br>**Defendant.** ) | **No: 21-cv-1256**<br><br>**Hon. Thomas M. Durkin** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW
ITS ANSWER AND TO DEFENDANT'S
RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS**

NOW COMES Plaintiff, **CHARLES TILL**, by and through his attorneys, KREAMER LAW GROUP, LLC, and for his Response to Defendant's Motion to Withdraw its Answer and Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) and 12(b)(6), states as follows:

**INTRODUCTION**

Defendant seeks leave to withdraw its Answer which was filed on May 6, 2021 and pursue the present Motion to Dismiss. Defendant does so after admitting and consenting to this Court's subject matter jurisdiction, negotiating a discovery schedule, and starting the discovery process. Defendant claims this motion is being pursued at this time, because of newly learned facts regarding the nature of the underlying policy which is the subject of this suit. These alleged newly learned facts regarding the policy come solely from an affidavit of Defendant's employee and Director of Product Management Lindsay Murray. (Doc 17-2 p, 1). At all times, Defendant was the author of the policy and had the most intimate knowledge of it. In spite of these uncontroverted

1

facts, Defendant asks this Court to set aside its previous answer based on assertions that the policy is not covered by ERISA that were apparently just learned or discovered by Defendant.

A clear review of Defendant's motion to withdraw its Answer and dismiss the Complaint fails to reveal any legitimate basis to establish that the Plan is not subject to ERISA.  As such, Defendant's motion for leave to withdraw as well as its motion to dismiss should be denied in their entirety.

## LAW AND ARGUMENT

ERISA defines "employer" as any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity. 29 USCS § 1002(5).  The statutory definitions of "employer" under ERISA has remained unchanged since ERISA's enactment in 1974. *New York v. United States Dep't of Labor*, 363 F. Supp. 3d 109, 118 (DC Dist Court, 2019).  Federal courts for decades have interpreted this definition to cover associations whose members share a true commonality of interest, or close nexus, with one another. These requirements, among others, advance a core purpose of ERISA—to "protect . . . the interests of participants in employee benefit plans and their beneficiaries," 29 U.S.C. § 1001(b); see also *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 186 (5th Cir. 1992).

Association Health Plan's (AHP's) are group health plans offered through an association of employers, such as an industry group. The Department of Labor has always permitted some AHPs to qualify as a single ERISA employee benefit plan, as if the plan was sponsored by a single employer for its employees. Under the Department of Labor's longstanding sub-regulatory guidance, only so-called "bona fide associations" could sponsor an AHP under ERISA. *New York*., at 119.  In 2018, the Department of Labor, issued a Final Rule allowing virtually any

association health plans to qualify as single ERISA plans. *29 USCS § 1002(5); 83 FR 28912*. While the D.C. District Court in *New York v DOL* was critical of the Department of Labor's rule with respect to its effects on the Affordable Care Act, there is no indication that *83 FR 28912* is not applicable here. Neither the Supreme Court, nor the Seventh Circuit has specifically addressed this issue or *83 FR 28912*. Additionally, *New York v DOL* does not lend any guidance to bind this Court on the specific issue as to whether the Plan here is a bone fide association historically covered by ERISA either. As discussed further below, Defendant presents no argument attacking the policy as a covered AHP in it Motion to Dismiss, thus waiving the same. *See Nat'l Fire & Marine Ins. Co. v. 3327 W. 47th Place, LLC*, 2017 U.S. Dist. LEXIS 189912. (The failure of any party to raise an argument in an opening brief waives the argument).

In the case at bar, Defendant's sole argument within its Motion to Dismiss sets forth only that this Court lacks subject matter jurisdiction by maintaining that the policy at issue was not part of any *employer* sponsored plan, meaning a plan maintained by a single employer solely for its employees. This argument completely ignores the fact that the Department of Labor has always allowed some AHPs to qualify as ERISA plans, and completely fails to address the Department of Labor's expansion of AHPs in 2018 under *83 FR 28912* which allows virtually any association plan to qualify under ERISA.

Defendant fails to cite to any binding caselaw or authority that establishes that the AHP in the policy at issue does not fall under ERISA. Defendant relies upon *Fort Halifax Packing Co, Inc. v Covne* and *Bowles v Quantum Chemical Co.*, again for the single proposition that the policy at issue is not an *employer* plan. These cases do not address AHPs and were decided well before the Department of Labor's 2018 Final Rule. Defendant's reliance on *Lancing v Yearly Ret. Ben Check Fund of Plumbers Union Local 75* is also inapplicable to the issue at bar. The *Lancing* court

addressed the definition of "employer" as it pertained to a Labor Management Relations Act suit, inapposite to the issue here. The issue at bar is whether the AHP policy at issue falls within a covered AHP under ERISA. Again, Defendant's motion makes no argument regarding that direct and specific issue. As such, any such argument is waived and its motion must fail.

Nothing within Defendant's motion sets forth criteria allowing dismissal on the basis that the policy at issue does not fall under an AHP governed by ERISA. The totality of the evidence in fact suggests the opposite. Lindsey Murray admits in her affidavit that the Certificate of Coverage was issued under a group insurance policy issued to L.I.F.E. Association. (Doc 17-2, p, 1). The application form clearly shows this policy to be an enrollment in "Group" insurance. (Doc 17-2, p 3). The first paragraph of the Agreement and Understanding section of the application clearly states that the covered persons are covered by "group insurance benefits" and that these benefits are covered under "a group insurance policy." (Doc 17-2, p 4). The first pages of the Benefit Schedule and the Certificate of Coverage confirm that L.I.F.E. Association is the Policyholder. (Doc 17-2, pp 7,9). Additionally, the first page of the Certificate of Coverage confirms that the policy is a group policy issues a group policy number. (Doc 17-2, p 9).

## **CONCLUSION**

Defendant's Motion to Dismiss fails to establish any reason why this matter should be dismissed on the basis of the group insurance policy not falling under ERISA. Defendant makes no argument addressing the fact that AHPs are covered under ERISA and makes no specific argument as to why the group policy here does not fall into that category. For these reasons, Defendant's Motion to Dismiss should be denied.

In the alternative, if this Honorable Court disagrees and does not order a denial on this basis, which the Plaintiff denies and continues to deny, the Court should deny this motion on the

basis of timeliness. At all times, Defendant was the author of the policy and had the most intimate knowledge of it. In spite of this, Defendant filed its Answer on May 6, 2021 admitting to this Court's subject matter jurisdiction. In spite of this, Defendant negotiated a joint status report and jointly entered a discovery schedule which was entered by the Court on May 21, 2021. The Court ordered discovery a closure date and set deadlines. The parties have exchanged Rule 26a disclosures on June 14, 2021 and exchanged written discovery on June 21, 2021. Now, in the middle of discovery being conducted Defendant brings forth this motion challenging jurisdiction based on alleged facts that were always in its possession. Under Illinois law, an insurer may waive a policy defense when it knows, or in the exercise of ordinary diligence, could have known the facts in question giving rise to the defense. *Lumbermen's Mut. Cas. Co. v. Sykes*, 384 Ill. App. 3d 207, (2008). It can be said that the insurer has constructive knowledge of the relevant facts, and that constructive knowledge may be sufficient to form the basis of waiver *Id.* For these alternative reasons as well, Defendant's motion should be dismissed.

In the second alternative, if this Honorable Court disagrees with Plaintiff's position herein and finds that Defendant's Motion does establish that the underlying policy is not subject to ERISA, Plaintiff respectfully asks for leave to file an amended complaint.

**WHEREFORE**, Plaintiff **CHARLES TILL** respectfully prays that this Honorable Court enters an order Dismissing Defendant's Motion to Withdraw its Answer and its Motion to Dismiss in its entirety and with prejudice, or in the alternative, if this Honorable Court disagrees and finds that Plaintiff has not adequately pled his Complaint, or any portion or part of it, Plaintiff respectfully asks for leave to file an amended complaint accordingly, and for any other further relief the Court deems appropriate and just.

          **Respectfully Submitted,**

          **CHARLES TILL**

          /s/ Joseph E. Urani
          One of his Attorneys

John C. Kreamer, #6270111
Joseph E. Urani #6278626
Kreamer Law Group, LLC
1100 E. Warrenville Rd.
Suite 135
Naperville, IL  60563
(630) 995-3668/ (630) 597-9532

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 24, 2021, he electronically filed Plaintiff's Motion for Extension of Time with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Dennis Berg
dberg@pipalberg.com

          /s/ Joseph E. Urani