IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES TILL, ) | |
| ) | |
| Plaintiff, ) | No.: 21-CV-1256 |
| ) | |
| NATIONAL GENERAL ACCIDENT AND ) | Honorable Thomas M. Durkin |
| HEALTH INSURANCE COMPANY, ) | |
| ) | |
| Defendant, ) | |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
### RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS

NOW COMES the Defendant, NATIONAL HEALTH INSURANCE COMPANY (incorrectly sued as "National General Accident and Health Insurance Company"), by and through its attorneys, PIPAL & BERG, LLP, and for its Reply Brief in support of its Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6) states as follows:

### INTRODUCTION

Plaintiff's Response brief begins by balking at the timing of Defendant's Motion though, as of this writing, Plaintiff has not even answered any discovery in this case. No depositions have even been scheduled. Defendant did initially concede that subject matter jurisdiction existed and it still may exist if Plaintiff pleads a cause of action that is not premised on ERISA, 29 U.S.C. §101, et seq. But Plaintiff's Complaint alleged that the insurance at issue was a "group policy for the Plaintiff's business, Superior Roadside Assistance, Inc." Plaintiff's Complaint Paragraph 6. This allegation turned out to be false. Charles Till was the only individual covered under the policy, and it was not part of any employer sponsored plan.

Plaintiff's entire Response is based on a misguided interpretation of Rule 83 FR 28912. Plaintiff claims that the policy at issue qualifies as an Association Health Plan ("AHP") under

1

ERISA. The policy at issue is not an AHP plan which qualifies as an ERISA plan, and Plaintiff certainly has not pled anything which would qualify it as such a plan.

### I. Plaintiff's Reliance on 83 FR 28912 Is Entirely Misplaced

The following are excerpts from the Federal Register (attached hereto as Exhibit "A") which plaintiff seemingly ignores:

> 1. "Paragraph (b)(1) of the Proposed Rule stated that a group or association may act as an employer within the meaning of ERISA section 3(5) for purposes of sponsoring a group health plan if the group or association exists for the purpose, in whole or in part, of sponsoring a group health plan that it offers to its employer members." 83 FR 28917;

> 2. "Paragraph (b)(4) of the Proposed Rule required that member employers control the functions and activities of the group or association, including its establishment and maintenance of the group health plan, in order for it to qualify as a bona fide group or association." 83 FR 28919;

> 3. "After careful consideration of these comments, the Department disagrees with the commenters who believe the proposed control test is unnecessary or that it will be ineffective, and the final rule adopts the proposed control test, with certain revisions as described below. The Department is of the view that the control test is necessary to satisfy the statutory requirement in ERISA section 3(5) that the group or association must act "in the interest of" the employer members in relation to the employee benefit plan. It will also help prevent formation of commercial enterprise that claim to be AHPs but, in reality, merely operate as traditional health insurance issuers, in all but name." *Id.;*

> 4. "*The Department agrees that, just as in the case of health insurance issuers, a group or association or plan that is controlled by a network provider, a healthcare organization, or some other business entity that is part of the U.S. healthcare delivery system would not be a bona fide group or association or AHP under this rule.* The Department does not believe it is necessary or advisable to try to include an exhaustive list of all such entities in this provision of the rule. This is because such a control relationship would result in the employer group or association and plan failing the requirements in the final rule that the group or association must be controlled by its employer members and that the AHP be controlled by the employer members who participate in the plan." 83 FR 28922 (emphasis supplied)

The foregoing commentary repudiates the position taken by Plaintiff in this case.

Plaintiff is not an employer member of an AHP and there are no allegations that the association

meets the control test criteria for an AHP under ERISA.

## II. The Plaintiff's Reliance on New York v. U.S. Department Of Labor Is Equally Misplaced

Plaintiff cites *New York v. U.S. Department of Labor,* 363 F. Supp. 3d 109 (2019) (copy attached hereto as Exhibit "B") and states that although the case "was critical of the Department of Labor's rule…New York v. Department of Labor does not lend any guidance to bind this Court on the specific issue as to whether the Plan here is a bona fide association historically covered by ERISA either." Plaintiff's Response at pg. 3. So essentially, Plaintiff cites a case, and then curiously tries to distinguish it.

> But the holding of that case amounted to more than a "criticism." The Court there held:
>
> Upon consideration of the parties' positions, as argued orally in their briefs, as well as the administrative record, the relevant statutes, legal precedent, and the entire record herein, the Court concludes that the bona fide association and working owner provisions of the Final Rule, codified at 29 C.F.R.§§2510.3-5(b), (c) and (e), are unreasonable interpretations of ERISA. The Final Rule is intended and designed to end run the requirements of the ACA, but it does so only by ignoring the language and purpose of both ERISA and the ACA. DOL unreasonably expands the definition of "employers" to include groups without any real commonality of interest and to bring working owners without employees within ERISA's scope despite Congress's clear intent that ERISA cover benefits arising out of the employment relationships. Accordingly these provisions are unlawful and must be set aside, pursuant to this Court's authority under the APA, 5 U.S.C. §706. The Final Rule's bona fide association and working owner provisions are therefore vacated.

*Id.* at 141.

This holding completely supports Defendant's position that the policy issued to plaintiff himself cannot qualify as an ERISA Plan.

Plaintiff's assertion that there is no "binding case law or authority" to contradict the position he takes is nonsense. The issue has been previously addressed in this jurisdiction. In *Goutanis v. Mutual Group,* 1995 U.S. Dist. LEXIS 2285 (N.D. Ill. 1995) the Court held that

3

ERISA did not apply to an employer who was claiming benefits under ERISA. *Id.* at 17. The *Goutanis* Court commented:

> The position of the Seventh Circuit Court with regard to employers as participants backs this proposition. In *Giardono v. Jones,* 867 F.2d 409 (7th Cir. 1989), the court held that the requirement that "assets of plan must never inure to the benefit of an employer" prevented an employer from holding a dual status as both an employer and a participant under an ERISA plan. *Id.* at 412.

*Id.* at 14.

This reaffirms the notion that a policy covering Plaintiff himself can never qualify as an "employer sponsored plan" with plaintiff serving as a beneficiary.

## CONCLUSION

For all the above reasons, Defendant respectfully prays for an Order which grants its Motions to Dismiss.

Respectfully submitted,

/s/ *Dennis A. Berg*
Dennis A. Berg, Esq.
Pipal & Berg, LLP
100 S. Wacker Drive
Suite 900
Chicago, IL 60606
Tel: (312) 364-0080
Fax: (312) 364-0080
Email: dberg@pipalberg.com

*Attorneys for National Health Insurance Company*

4