IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES TILL, | ) |
| | ) |
| Plaintiff, | ) No.: 21-CV-1256 |
| | ) |
| NATIONAL GENERAL ACCIDENT AND | ) |
| HEALTH INSURANCE COMPANY, | ) |
| | ) |
| Defendant, | ) |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT
OF ITS RULE 12(b)(1) and 12 (b)(6) MOTION TO DISMISS**

NOW COMES the Defendant, NATIONAL HEALTH INSURANCE COMPANY (incorrectly sued as "National General Accident Health Insurance Company"), by and through its attorneys, PIPAL & BERG, LLP, and respectfully submits the following Supplemental Brief in response to the Court's Order entered on December 3, 2021:

**INTRODUCTION**

The Court had directed the parties to brief whether Plaintiff is a member of an Association Health Plan and whether this case should be stayed pending resolution of *State of New York v. Department of Labor*, 363 F. Supp. 3d 109 (2019). For the reasons set forth below, Defendant maintains that a stay is not necessary because the present case does not depend on the outcome of *State of New York v. Department of Labor*, 363 F. Supp. 3d 109 (2019). This is because the Plaintiff is **not** a member of an Association Health Plan which would qualify as an ERISA Plan had the Final Rule not been vacated by that decision. So even if that decision gets reversed on appeal, the outcome in the present case should not be affected.

1

I. **Plaintiff Is Not A Member Of An Association Health Plan Even If The Invalidated Criteria Of The Final Rule Is Reinstated Following Appeal**

The criteria set forth in the Final Rule for determining whether a "bona fide group or association shall be deemed to be able to act in the interest of an employer within the meaning of section 3(5) of the (ERISA) Act" was codified within 29 C.F.R. §2510-3.5(b) through (e)-Definition of Employer Association Health Plans. A copy of 29 C.F.R. 2510.3-5-Definition of Employer Association Health Plans is attached hereto as Exhibit A for quick reference.

To be considered an Association Health Plan (AHP) under the Final Rule criteria (invalidated by State of New York v. Department of Labor), the following requirements must be met:

(1) The primary purpose of the group or association may be to offer and provide health coverage to its employer members and their employees; however, the group or association also must have at lease one substantial business purpose unrelated to offering and providing health coverage or other employee benefits to its employer members and their employees. For purposes of satisfying the standard of this paragraph (b)(1), as a safe harbor, a substantial business purpose is considered to exist if the group or association would be a viable entity in the absence of sponsoring an employee benefit plan. For purposes of this paragraph (b)(1), a business purpose includes promoting common business interests of its member or the common economic interests in a given trade or employer community, and is not required to be a for-profit activity;

(2) Each employer member of the group or association participating in the group health plan is a person acting directly as an employer or at least one employee who is a participant covered under the plan,

(3) The group or association has a formal organizational structure with a governing body and has by-laws or other similar indications of formality,

(4) The functions and activities of the group or association are controlled by its employer members, and the group's or association's employer members that participate in the group health plan control the plan. Control must be present both in form and in substance,

(5) The employer members have a commonality of interest as described in paragraph (c) of this section,

(6)

  (i) The group or association does not make health coverage through the group's or association's group health plan available other than to:

    (A) An employee of a current employer member of the group or association;

    (B) A former employee of a current employer member of the group or association who became eligible for coverage under the group health plan when the former employee was an employee of the employer; and

    (C) A beneficiary of an individual described in paragraph (b)(6)(i)(A) or (b)(6)(i)(B) of this section (e.g., spouses and dependent children).

  (ii) Notwithstanding paragraph (b)(6)(i)(B) of this section, coverage may not be made available to any individual (or beneficiaries of the individual) for any plan year following the plan year in which the plan determines pursuant to reasonable monitoring procedures that the individual ceases to meet the conditions in paragraph (e)(2) of this section (unless the individual again meets those conditions), except as may be required by section 601 of the Act.

(7) The group or association and health coverage offered by the group or association complies with the nondiscrimination provisions of paragraph (d) of this section.

(8) The group or association is not a health insurance issuer described in section 733(b)(2) of the Act, or owned or controlled by such a health insurance issuer or by a subsidiary or affiliate of such a

health insurance issuer, other than to the extent such entities participate in the group or association in their capacity as employer members of the group or association.

Section C of the regulation provides:

(c) Commonality of Interest—

(1) Employer members of a group or association will be treated as having a commonality of interest if the standards of either paragraph (c)(1)(i) or (c)(1)(ii) of this section are met, provided these standards are not implemented in a manner that is subterfuge for discrimination as is prohibited under paragraph (d) of this section:

(i) The employers are in the same trade, industry, line of business or profession; or

(ii) Each employer has a principal place of business in the same region that does not exceed the boundaries of a single State or a metropolitan area (even if the metropolitan area includes more than one State.).

(2) In the case of a group or association that is sponsoring a group health plan under this section and that is itself an employer members of the group or association, the group or association will be deemed for purposes of paragraph (c)(1)(i) of this section to be in the same trade, industry, line of business, or profession, as applicable, as the other employer members of the group or association.

It should also be noted that the Final Rule preserved other mandatory requirements of an ERISA plan. The Final Rule provided:

> **8. *ERISA Fiduciary Status and Responsibilities of AHP Sponsors***
> Several commenters asked the Department to provide guidance on fiduciary liabilities and responsibilities of a bona fide group or association that sponsors an AHP and clarify that any individual charged with the operation or management of an AHP is considered a fiduciary under ERISA. They stressed that it is important for groups and associations that sponsor an AHP to understand that they are obligated to protect the interests of the participants of the plan, and may be held individually liable if they fail to do so. Some of the commenters also requested the Department to clarify who will be responsible for ensuring compliance with ERISA and other

federal requirements, such as COBRA compliance, ERISA reporting and disclosure requirements, compliance with certain requirements under the Code, compliance with the nondiscrimination requirements under paragraph (d) of this final rule and all of the other responsibilities that come with the maintenance of a single large employer plan.

*An AHP offered by a bona fide group or association under the final rule is subject to all of the ERISA provisions applicable to group health plans, including the fiduciary responsibility and prohibited transaction provisions in Title I of ERISA. The Department notes that the bona fide group or association that sponsors the AHP assumes and retains responsibility for operating and administering the AHP, including ensuring compliance with these requirements.*

83 FR 28912-01, 28937-28938. (emphasis added).

In relevant part, 29 U.S.C. § 1103(a) mandates that "all assets of an employee benefit plan shall be held in trust by one or more trustees. Such trustee or trustees shall be either named in the trust instrument or in the plan instrument…or appointed by a person who is a named fiduciary…"

Plaintiff is not a member of an AHP because "L.I.F.E. Association" does not meet the criteria for being an AHP. Plaintiff purchased individual health insurance coverage under a group insurance policy issued to L.I.F.E. Association that was underwritten by National Health Insurance Company. (See Defendant's Memorandum of Law, Exh. B, Affidavit of Lindsey Murray, ¶s 3-6 and exhibit thereto.) But there is no evidence, nor any allegations by Plaintiff for that matter, that L.I.F.E. Association:

- Was established by a group of employers to provide benefits to employees;
- Has at least one substantial business purpose unrelated to the provision of benefits;
- Has employer members which control the plan and are responsible for ERISA compliance;
- Can meet the requirement of "Commonality of interest;" or
- Files necessary documentation with the Department of Labor including Form 5500 which reports qualification of the plan, its financial condition, investments and operation of the plan.

Critical required elements of an ERISA Plan are absent from this case. For instance, in *Hansen v. Continental Insurance Co.,* 940 F. 2d 971 (5th Cir. 1991), the Court noted:

> To determine whether an employer "established or maintained" an employee benefit plan, "the court should [focus] on the employer…and [its] involvement with the administration of the plan." *Gahn,* 926 F.2d at 1452. Thus, if an employer does no more than purchase insurance for her employees, and has no further involvement with the collection of premiums, administration of the policy, or submission of claims, she has not established an ERISA plan. *Kidder,* 932 F.2d at 353; *Memorial Hospital,* 904 F.2d at 242. As this Court explained in one of its early cases on the subject,
>
>> [c]onsidering the history, structure and purposes of ERISA, we cannot believe that that Act regulates bare purchases of health insurance where … the purchasing employer neither directly nor indirectly owns, controls, administers or assumes responsibility for the policy or its benefits.
>
> *Taggart Corp. v. Life Health Benefits Admin., Inc.,* 617 F.2d 1208, 1211 (5th Cir. 1980), *cert. denied,* 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981).

*Id.* at 978.

In the present case, there is no "employer involvement" with administration of a plan. There is no trust to hold plan assets. There is no evidence of any record keeping systems put in place. There is no evidence that Plaintiff is serving as a fiduciary for his "employer plan."

## CONCLUSION

Plaintiff purchased individual short term insurance coverage under a group insurance policy issued to L.I.F.E. Association which was underwritten by National Health Insurance Company. Plaintiff is not a member of an AHP because L.I.F.E. Association is not an "employer" and cannot meet the criteria for being considered an AHP even under the expanded Definition of Employer Association Health Plans which was invalidated by *State of New York v. Department of Labor,* 363 F.Supp.3d 109 (2019). Plaintiff certainly has not made any allegations whatsoever that would establish such.

Respectfully submitted,

*/s/ Dennis A. Berg*
Dennis A. Berg, Esq.
Pipal & Berg, LLP
100 S. Wacker Drive
Suite 900
Chicago, IL 60606
Tel: (312) 364-0080
Fax: (312) 364-0080
Email: dberg@pipalberg.com

*Attorneys for National Health Insurance Company*

7