IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES TILL | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No: 21-cv-1256 |
| v. | ) | |
| | ) | Hon. Thomas M. Durkin |
| NATIONAL GENERAL | ) | |
| ACCIDENT AND HEALTH | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW ITS ANSWER AND TO DEFENDANT'S
RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS**

NOW COMES Plaintiff, **CHARLES TILL**, by and through his attorneys, KREAMER LAW GROUP, LLC, and for his Supplemental Brief in Response to Defendant's Motion to Withdraw its Answer and Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) pursuant to this Court's order of December 3, 2021, states as follows:

**INTRODUCTION**

This honorable Court has instructed the parties to submit a supplemental brief with respect to Defendant's Motion to withdraw its answer and Motion to dismiss Plaintiff's complaint Pursuant to Rule 12(b)(1) and 12(b)(6). Specifically, the issues to further analyze are with respect to whether Plaintiff is a member of an Association Health Plan under the relevant statutes or regulations and whether this matter should be stayed pending resolution of *State of New York v. Department of Labor*, 19-5125 (D.C. Cir). Further review of these issues still reveals that the Plan in question in this matter is a covered plan under ERISA pursuant to the Department of Labor's Final Rule issued in 2018, allowing virtually any association health plans to qualify as single

1

ERISA plans. *29 USCS § 1002(5); 83 FR 28912*. The final resolution of *State of New York v. Department of Labor* may ultimately address this issue if the Department of Justice amends or changes the Final Rule with respect to the expansion of qualifying association health plans under ERISA. However, there is no indication or competent authority that establishes that the Final Rule is currently inapplicable which expands to cover almost all group health plans.

Defendant is pursuing this motion at this time because of alleged newly learned facts regarding the nature of the underlying policy, which is the subject of this suit. These primarily consist of the information in the affidavit of Defendant's employee and Director of Product Management Lindsay Murray. (Doc 17-2 p, 1). It remains true that at all relevant times, Defendant was the author of the policy and had the most intimate knowledge of it. In spite of these uncontroverted facts, Defendant now allegedly realized that the Plan here is not subject to ERISA, and asks this Court to set aside its previous Answer which in fact acknowledged Plaintiff's ERISA claim.

## ARGUMENT

An association health plan (AHP) is an association of employers that have banded together and, collectively, based on Department of Labor criteria, qualify as an employer under ERISA. ERISA governs, with limited exceptions, all employee benefit plans that are maintained by employers, employee organizations, or both. *ERISA § 4 (29 U.S.C.S. § 1003).* ERISA defines "group health plans" in relevant part as an employee welfare benefit plan to the extent it provides medical care to a group of employees directly or through insurance, reimbursement, or otherwise. *29 USC §1191b(a)(1).*

Under the most common structure of an AHP, the arrangement is fully insured, and the health insurance carrier issues a *single group insurance policy,* which describes the policy that is

the subject of this matter. The individual employer members purchase insurance and receive a certificate of coverage. This is congruent with what Plaintiff did here. Under ERISA, an AHP is considered to be a single employer welfare benefit plan (as that term is defined in ERISA Section 3(1)) that covers multiple employers. *ERISA § 3(1) (29 U.S.C.S. § 1002(1)* An AHP is also treated as a multiple employer welfare arrangement (MEWA) under the Department of Labor. *ERISA § 101(g) (29 U.S.C.S. § 1021(g)*. The Final Rule issued by the Department of Labor in 2018 substantially relaxes the requirements for qualifying as a bona fide AHP in the following relevant ways with respect to the issue at bar:

1. **The Final rule expands the commonality of interest requirement**. The commonality of interest requirement is significantly expanded to include employers simply related by geography or industry. An association can show a commonality of interest among its members on the basis of geography or industry if the members are either: (i) In the same trade, industry, or profession throughout the United States (ii) In the same principal place of business within the same state or a common metropolitan area, even if the metro area extends across state lines. *83 Fed. Reg. 28962*

2. **Sole proprietors can participate in an AHP**. Sole proprietors are permitted to participate in the AHP to provide coverage for themselves as well as their spouses and children, even if they have no employees. *83 Fed. Reg. 28964*

3. **Primary purpose can be providing health coverage**. The requirement that the association exist for a primary purpose other than providing health coverage to its members is eliminated. The final rule does require the sponsoring association to have at least one sustainable purpose in addition to providing health insurance to members, even

3

if the primary purpose of the group or association is to offer such coverage to its members. *83 Fed. Reg. 28962*

The Final Rule thus allows virtually any association health plans to qualify as single ERISA plans. *29 USCS § 1002(5); 83 FR 28912*. The expansion of qualifying AHPs under the Final Rule provides every indication that the plan at issue here is a qualifying AHP. While it is unknown at this time whether the outcome of *State of New York v. Department of Labor,* or the Department Of Labor's consideration of the Final Rule under the current Presidential Administration will be, the Final Rule is still in effect with the above referenced parameters.

The facts in this matter indicate that the plan at issue here was issued to a group of employers who have banded together through L.I.F.E. Association for the purposes of maintaining a group insurance policy. L.I.F.E Association describes itself as being formed for the purpose of "improving the professional and financial lives of Home-Based Business Owners, Independent Contractors and At-Home Professionals who often do not have access to information or benefits generally provided by large employers". [1] L.I.F.E. Association's description fits in with the expansion of the Final Rules set forth above.

Under the Final Rule, the expansion of the "commonality of interest" requirement includes members being in the same principal place of business, within the same state or a common metropolitan area, even if the metro area extends across state lines. This applies to the policy here. Additionally, the Final Rule allows a sole proprietor to participate under the plan which is the case here. This applies to the policy here. Lastly, the primary purpose of the plan association can be to provide insurance coverage. This also is the case here.

---

[1] lifeassociation.org

Defendant's sole argument within its Motion to Dismiss and its supplemental brief is that there is no evidence, or any allegation by Plaintiff that L.I.F.E. Association meets the requirements of an AHP, but it ignores the expansion of the Final Rule as discussed above which indicates that it in fact does. It stands to reason that Defendant is in the best position to present definitive evidence that this plan is not governed by ERISA, or does not qualify as an AHP covered by ERISA; however, at no point does Defendant do this. Instead, all that is presented is an affidavit just offering the conclusory declaration that it does not. At the very least, discovery on this issue should be allowed to proceed to investigate this issue.

It remains that nothing within Defendant's motion or supplemental brief sets forth criteria allowing dismissal on the basis that the policy at issue does not fall under an AHP governed by ERISA. The totality of the evidence, and the expansion of the definition by the Final Rule as set forth above, in fact suggests the opposite. Lindsey Murray admits in her affidavit that the Certificate of Coverage was issued under a group insurance policy issued to L.I.F.E. Association. (Doc 17-2, p, 1). The application form clearly shows this policy to be an enrollment in "Group" insurance. (Doc 17-2, p 3). The first paragraph of the Agreement and Understanding section of the application clearly states that the covered persons are covered by "group insurance benefits" and that these benefits are covered under "a group insurance policy." (Doc 17-2, p 4). The first pages of the Benefit Schedule and the Certificate of Coverage confirm that L.I.F.E. Association is the Policyholder. (Doc 17-2, pp 7,9). Additionally, the first page of the Certificate of Coverage confirms that the policy is a group policy issues a group policy number. (Doc 17-2, p 9).

## **CONCLUSION**

Defendant's Motion to Dismiss fails to establish any reason why this matter should be dismissed on the basis of the group insurance policy not falling under ERISA under the current

5

Department of Labor standards. A review of the Final Rule as it stands further indicates that the policy at issue here does qualify as an AHP covered by ERISA, as outlined above. Defendant's Motion to Dismiss should thus be denied. In the alternative, if this Honorable Court disagrees and does not order a denial on this basis, which the Plaintiff denies and continues to deny, the Court should deny this motion on the basis of timeliness as further discussed in Plaintiff's initial Response.

If this Honorable Court disagrees with Plaintiff's position herein and finds that Defendant's Motion does establish that the underlying policy is not subject to ERISA, and that staying the matter pending the outcome of the *State of New York v. Department of Labor* matter is not warranted, Plaintiff also asks for a second alternative. That being that Plaintiff respectfully asks for leave to file an amended complaint based on diversity jurisdiction and state law claims.

**WHEREFORE**, Plaintiff **CHARLES TILL** respectfully prays that this Honorable Court enters an order Dismissing Defendant's Motion to Withdraw its Answer and its Motion to Dismiss in its entirety and with prejudice, or in the alternative, if this Honorable Court disagrees and finds that Plaintiff has not adequately pled his Complaint, or any portion or part of it, Plaintiff respectfully asks for leave to file an amended complaint accordingly, and for any other further relief the Court deems appropriate and just.

**Respectfully Submitted,**

**CHARLES TILL**

/s/ Joseph E. Urani
One of his Attorneys

John C. Kreamer, #6270111
Joseph E. Urani #6278626
Kreamer Law Group, LLC
1100 E. Warrenville Rd.
Suite 135
Naperville, IL  60563
(630) 995-3668/ (630) 597-9532

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on January 28, 2022, he electronically filed Plaintiff's Motion for Extension of Time with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Dennis Berg
dberg@pipalberg.com

                           /s/ Joseph E. Urani