UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES TILL, | |
| Plaintiff, | No. 21 C 1256 |
| v. | Judge Thomas M. Durkin |
| NATIONAL GENERAL ACCIDENT AND HEALTH INSURANCE COMPANY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

National General Accident and Health Insurance Company issued a health insurance policy to Charles Till. Till alleges that National General improperly denied him coverage for certain medical services in violation of the Employee Retirement Income Security Act ("ERISA"). National General has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. R. 16. The motion to dismiss for failure to state a claim is granted.

**Background**

Till alleges that he visited the hospital on March 14, 2018, and "the emergency room vital signs established no history, and no diagnosis was established or obtained." R. 1 ¶ 7. The next day he purchased the health insurance policy at issue in this case. *Id.* ¶ 5. Till alleges that the policy "was obtained as a group policy" for his "business." *Id.* ¶ 6. Till alleges no further details about the policy. But National General attached the policy to its motion. The policy shows that it was purchased

through an association called L.I.F.E. Association and provides coverage to Till as an individual only. *See* R. 17-2 at 3, 7.

The day after Till purchased the policy, he returned to the emergency room and was diagnosed with a pulmonary embolism. *Id.* ¶ 9. He stayed in the hospital until March 21, 2018. *Id.* ¶ 10.

Till filed a claim under the policy for the care he received, and National General denied coverage asserting that the policy does not cover pre-existing conditions. *Id.* ¶ 12. Till brings this claim arguing that denial of coverage violates ERISA. Till does not allege diversity jurisdiction, so his invocation of ERISA is the only potential basis for the Court's jurisdiction.

## Legal Standard

Prior to filing this motion, National General answered the complaint, admitting that "the Court has jurisdiction over the subject matter of this Complaint." R. 8 at 1. National General has moved to withdraw its answer and file a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In support of this motion, National General argues that Till's policy is not an ERISA plan, and that without an ERISA plan there cannot be an ERISA claim conferring subject matter jurisdiction. Till argues that the Court should prohibit Defendant from seeking dismissal for lack of subject matter jurisdiction because the motion is "untimely" and has been "waived." R. 19 at 5.

Till's argument ignores the fact that the Federal Rules require subject matter jurisdiction to be examined at any point in a case. *See* Fed. R. Civ. P. 12(h)(3) ("If the

2

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Mader v. Motorola, Inc.*, 175 F.3d 1020 (7th Cir. 1999) ("Objections to subject-matter jurisdiction cannot be waived; the parties are free to question the court's subject-matter jurisdiction at any time."). National General's answer does not constitute a waiver of the argument that the Court lacks subject matter jurisdiction.

National General's argument that subject matter jurisdiction is lacking here is based on a Seventh Circuit holding that "the existence of an 'ERISA-governed plan' is an essential precursor to federal jurisdiction." *UIU Severance Pay Trust Fund v. Local Union No. 18, United Steelworkers of America*, 998 F.2d 509, 510 n.2 (7th Cir. 1993). But the more "modern view" is that "the existence of an ERISA plan is an element of a claim, not a threshold jurisdictional issue." *McCoy v. EMS Auto Repair*, 2021 WL 1253453, at *2 (N.D. Ill. Apr. 5, 2021) (citing *Stapleton v. Advocate Health Care Network*, 817 F.3d 517, 521 n.4 (7th Cir. 2016)); *see also Sanzone v. Mercy Health*, 954 F.3d 1031, 1040 (8th Cir. 2020) ("[W]e hold that whether a plan is an ERISA plan is an element of the plaintiff's case and not a jurisdictional inquiry."). Till's invocation of ERISA provides the Court subject matter jurisdiction to decide whether ERISA covers his policy. And a finding that Till's policy is outside ERISA's scope does not thereby deprive the Court of subject matter jurisdiction; it simply means that Till's claim must be dismissed.

Presumably aware of this change in the law, National General also moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

3

12(b)(6). To the extent Till might object that a 12(b)(6) motion must be brought prior to filing an answer, a motion for judgment on the pleadings pursuant to Rule 12(c) provides National General the opportunity to raise the same arguments. Rule 12(h)(2) provides that a motion to dismiss for failure to state a claim is not waived despite the filing of an answer, but can be made pursuant to Rule 12(c) "[a]fter the pleadings are closed." So whether National General should be permitted to move to dismiss under Rule 12(b)(6) is irrelevant, because this motion can simply be styled as a motion under Rule 12(c). "The misstyling does not alter our analysis." *Alioto v. Town of Lisbon*, 651 F3d 715, 718 (7th Cir. 2011) ("The defendants styled them Rule 12(b)(6) motions, but in reality the motions were for judgment on the pleadings, Fed. R. Civ. P. 12(c), because the defendants filed answers.").

A Rule 12(c) motion is subject to the same standard as a Rule 12(b)(6) motion. *Id.* A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim

4

to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Analysis

ERISA governs "employee welfare benefit plans," which are in relevant part "any plan, fund, or program . . . established by an employer . . . for the purpose of providing [health benefits] for its participants." 29 U.S.C. § 1002(1). A "participant" is "any employee . . . of an employer." *Id.* § 1002(7). An "employee" is "any individual employed by an employer." *Id.* § 1002(6). And an "employer" is "any person acting directly as an employer, or indirectly in the interest of an employer . . . and includes a group or association of employers acting for an employer in such capacity." *Id.* § 1002(5).

Till does not allege that his business had any employees. And the insurance policy he bought was for himself alone. He argues, however, that his policy qualifies as an ERISA plan because he bought it through L.I.F.E. Association, which he alleges is an association of employers, covered by ERISA § 1002(5) quoted above. He points to a Department of Labor administrative ruling regarding the definition of "employer" for purposes of establishing an association of employers. *See* Definition of "Employer"

5

Under Section 3(5) of ERISA—Association Health Plans, 83 FR 28912-01. That decision brought "sole proprietors without any employees within ERISA's scope by counting them as both 'employers' and 'employees.'" *New York v. United States Dep't of Lab.*, 363 F. Supp. 3d 109, 117 (D.D.C. 2019).

This Department of Labor decision has been rejected by a district court. *See id.* The court in *New York v. United States Department of Labor* held that the Department's interpretation of ERISA was contrary to ERISA's purpose of governing employee benefit plans "arising from employment relationships," *id.* at 117, and that as "a practical matter, one does not have an employment relationship with oneself," *id.* at 137. In other words, ERISA's definitions of "employee" and "employer" clearly contemplate a relationship between separate parties. As the Supreme Court has explained, ERISA's definition of "employee" "incorporate[s] traditional agency law criteria for identifying master-servant relationships," *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 319 (1992), and "[t]he traditional agency criteria can be applied logically only in situations involving relationships between two different persons, i.e., those who employ persons and those who are so employed," *In re Watson*, 161 F.3d 593, 597 (9th Cir. 1998). True, the Supreme Court has held that an employer who provides a health plan to her employees may also join the plan as a participant. *See Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 22 (2004). But in reaching that decision, the Court noted that courts "agree that if a benefit plan covers *only* working owners, it is not covered by [ERISA]." *Id.* (emphasis added) (citing cases). Notably, the Department of Labor conceded as much in *New York v.*

6

*Department of Labor*. *See* 363 F. Supp. 3d at 136 ("DOL acknowledges that ERISA would *not* apply 'to a plan that the working owner is providing to himself' outside of membership in an association, because DOL acknowledges that a working owner's plan covering only himself falls outside the scope of ERISA.'").

Both the statutory text and case law show that the Department's interpretation of the statute is unreasonable. This Court agrees with *New York v. Department of Labor* and finds that the Department's decision must be rejected. Accordingly, Till's policy is not covered by ERISA.

The Court recognizes that *New York v. Department of Labor* is on appeal to the D.C. Circuit. But even if it were to be reversed with a finding that employers without employees can be covered by ERISA through association health plans, this Court's decision will stand. This Court is not bound by decisions of the D.C. Circuit, and the reasoning of the district court in *New York v. Department of Labor* is quite persuasive.

Furthermore, even if *New York v. Department of Labor* was wrongly decided, Till has not plausibly alleged that L.I.F.E. Association—the association through which Till purchased his policy—satisfies ERISA's definition of an "association of employers." Pursuant to the relevant regulation, such an association must: (i) be established by a group of employers to provide benefits to employees; (ii) have at least one substantial business purpose unrelated to the provision of benefits; (iii) have employer members which control the plan and are responsible for ERISA compliance; (iv) meet a "commonality of interest" requirement; and (v) file necessary documentation with the Department of Labor, among other factors. *See* 29 C.F.R. §

7

2510.3-5(b). Till has alleged no facts about L.I.F.E. Association so it is impossible for the Court to find that he plausibly alleged it meets ERISA's definition. This is also a reason to dismiss his claim.

## Conclusion

Therefore, National General's motion to dismiss [16] is granted, and Till's claim is dismissed. National General's motion to withdraw its answer [15] is denied as moot. Because Till's ERISA claim is dismissed as a matter of law and not based on the plausibility of his allegations, repleading would be futile and the claim is dismissed with prejudice. To the extent Till has brought a state law claim under the Court's supplemental jurisdiction, that claim is dismissed without prejudice.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: March 8, 2022

8